IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCINE LEES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| IOVINO BOERSMA ENTERPRISES, INC., | ) | 04 C 8075 |
| an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Francine Lees sued defendant Iovino Boersma Enterprises, Inc. ("IBE") in the Circuit Court of Cook County, Illinois, for alleged retaliatory discharge due to her having applied for unemployment benefits. IBE removed the action to this Court pursuant to 28 U.S.C. § 1441. Lees has moved to remand the case arguing that IBE's notice of removal shows no basis for federal jurisdiction over this case. For the reasons set forth below, the Court grants the motion.

## FACTS

Lees, a citizen and resident of Illinois, alleges that IBE, an Illinois corporation with its principal place of business in DuPage County and conducting business at locations in Cook County, terminated Lees' employment in retaliation for her having applied for unemployment benefits. (Compl. ¶¶ 2, 3, 14.) In December 2002, Lees was hired part-time by IBE to work at its Oak Lawn Sylvan Learning Center. (*Id.* ¶ 4.) On March 1, 2003, Lees was promoted to full-time status. (*Id.* ¶ 5.) On February 1, 2004,

IBE informed Lees that she would thereafter be employed only part-time. (*Id.* ¶ 7.) Consequently, on February 1, 2004, Lees applied for, and later began receiving, unemployment benefits under the Illinois Unemployment Insurance Act, 820 ILL. COMP. STAT. 405/100 *et. seq.* (*Id.* ¶ 8.)

Upon IBE's learning of Lees' claim for unemployment benefits, IBE, through an employee, questioned Lees as to whether she was quitting and why she had applied for unemployment benefits. (*Id.* ¶ 9.) During March and April 2004, IBE dramatically reduced her hours. (*Id.* ¶ 10.) From May 6 to May 16, 2004, IBE repeatedly telephoned Lees' home inquiring why she was absent from work, despite her receiving prior approval for the absence. (*Id.* ¶¶ 11-12.) On October 6, 2004, Lees sued IBE in the Circuit Court of Cook County for retaliatory discharge and alleged that she was constructively discharged by IBE on May 17, 2004 for having applied for unemployment benefits when her status, hours and benefits were reduced. (*Id.* ¶¶ 13-14.)

On December 14, 2004, IBE removed the action to the U.S. District Court for the Northern District of Illinois, Eastern Division. (Notice of Removal ¶ 3.) Defendant avers that the matter forms part of the same case or controversy as *McConnell v. Iovino*, case number 04 C 3705, a RICO cause of action before the Honorable John W. Darrah. (*Id.*) The plaintiffs in both actions were former employees of IBE and are represented by the same attorney. (*Id.* ¶¶ 3-4.) However, in the suit before Judge Darrah, the plaintiff, Linda McConnell, sued Jean Iovino, Barbara Boersma, Connie Powers, Armene Hamidi, Craig Dannenbrink, and Sarah Enke, while in the instant suit, Lees has sued IBE. (*Id.*) Lees has moved for remand and argues that there is no federal jurisdiction over the instant case. (Pl.'s Mot. Remand ¶ 32.)

## DISCUSSION

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Whether federal-question jurisdiction exists is governed by the "well-pleaded complaint rule," which requires that a federal question be presented on the face of the plaintiff's complaint. *Id.* Thus, it is clear that "the plaintiff [is] the master of the claim . . . [and] he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* "It is well settled that the burden is on the party seeking to remove to establish his right and the case should be remanded if there is doubt as to the right of removal in the first instance." *Tasner v. U.S. Indus., Inc.*, 379 F. Supp. 803, 809 (N.D. Ill. 1974). "[T]he removal statute should be construed narrowly and against removal." *State of Ill. v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982).

In this case, IBE unabashedly "agrees with the plaintiff that there is neither diversity of citizenship among the parties nor any claim alleged by the plaintiff in her complaint that affirmatively raises a federal question." (Def.'s Object. Mot. Remand ¶ 1.) Lees' complaint cites authority that implies a private right of action under the Illinois Unemployment Insurance Act for individuals discharged in retaliation for seeking unemployment benefits. *See Fiumetto v. Garrett Enters., Inc.*, 749 N.E.2d 992, 997 (Ill. App. Ct. 2001). "In order to establish a cause of action for retaliatory discharge,

3

plaintiffs must demonstrate that they were discharged in retaliation for their activities and that the discharge violated a clear mandate of public policy." *Id.* An Illinois action for retaliatory discharge does not confer federal subject matter jurisdiction. *Conway v. Med. Staffing Network, Inc.*, No. 04 C 1128, 2004 WL 784886, at *4 (N.D. Ill. Apr. 12, 2004). Therefore, it is abundantly clear that federal jurisdiction based upon either diversity of citizenship or a federal question does not exist in this case.

Despite the fact that IBE concedes the lack of diversity or a federal question, IBE asserts that removal is proper because this Court has original jurisdiction based upon 28 U.S.C. § 1367. (Def.'s Object. Mot. Remand ¶ 1.) However, IBE's argument is misguided. Supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is not a source of *original* subject matter jurisdiction and may not serve as a jurisdictional basis for removal pursuant to section 1441(a). *Chavarria v. Perez*, No. 04 C 6089, 2004 WL 2980644, at *1 (N.D. Ill. Dec. 20, 2004). Further, "[s]ection 1367 provides no original jurisdiction over a separate, but related suit, and so does not authorize removal from state court to federal court pursuant to § 1441." *Sebring Homes Corp. v. T.R. Arnold & Assocs.*, 927 F. Supp. 1098, 1101-02 (N.D. Ind. 1995).

In *Chavarria v. Perez*, where defendant removed a replevin action based on its relatedness to a RICO case pursuant to supplemental jurisdiction, the court granted plaintiff's motion to remand stating that "'[t]o remove the Petition from state court to federal court, [the defendant] must first find a federal claim in the Petition itself . . . [and] [a]n already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action.'" 2004 WL 2980644, at *1 (quoting *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995)). Similar to the defendant in *Chavarria*, IBE has

4

attempted to remove a case based on 28 U.S.C. § 1367 merely because the case purportedly has questions of law and fact common to a pending RICO cause of action. This Court agrees with the *Chavarria* court's reasoning and holds that the fact that there is an already existing federal RICO action (in the instant case involving a different plaintiff and different defendants) does not provide a basis for federal jurisdiction in this case. Consequently, the removal of Lees' retaliatory discharge claim was clearly improper, and the Court grants Lees' motion for remand. Because the Court grants the motion on jurisdictional grounds, it need not address other arguments raised in the motion for remand.

## CONCLUSION

For the foregoing reasons, the Court grants Lees' motion for remand [doc. no. 8]. This case is hereby remanded to the Circuit Court of Cook County. This case is terminated. All other pending motions are stricken as moot.

**SO ORDERED**  ENTERED: JUL 1 1 2005

*[signature]*
**HON. RONALD A. GUZMAN**
**United States District Judge**